Majed Dakak (SBN 271875)
mdakak@kbslaw.com
KESSELMAN BRANTLY STOCKINGER LLP
1230 Rosecrans Avenue, Suite 690
Manhattan Beach, CA 90266
(310) 307-4555
(310) 307-4570 (Fax)

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
HYUN LEGAL, APC
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 (Fax)

Attorneys for PLAINTIFF and CONSENTERS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CUEVAS, as an individual and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CONAM MANAGEMENT CORPORATION, a California corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　Defendants. | Case No. **'18CV1189 GPC JMA**<br><br>**COLLECTIVE ACTION FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) FAILURE TO PAY OVERTIME (FLSA, 29 U.S.C. § 201, *ET SEQ.*) [COLLECTIVE CLAIM];**<br>**(2) FAILURE TO TIMELY PAY OVERTIME (FLSA, 29 C.F.R. § 778.106) [COLLECTIVE CLAIM]**<br><br><u>**COLLECTIVE ACTION**</u> |

PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR DAMAGES

# COMPLAINT

Plaintiff Elizabeth Cuevas ("Plaintiff"), on behalf of herself and all others similarly situated complain against Defendant CONAM Management Corporation ("Defendant," or the "Company") and demands a bench trial on Plaintiff's collective claims asserted herein as follows:

## PARTIES

1. On or about December 21, 2017, Plaintiff was hired by Defendant to work as a non-exempt leasing agent/professional at a residential property located in Reno, Nevada. Plaintiff is still currently employed by Defendant. Plaintiff and all collective action members who opt-in to this lawsuit ("Consenters") were and/or are employed by Defendant as non-exempt leasing agents/professionals, business managers and/or community managers throughout the United States.

2. The Company is a property management and real estate investment company with property locations throughout the United States. The Company's headquarters and nerve center are located at 3990 Ruffin Rd #100, San Diego, CA 92123 San Diego, California. Further, the Company's Human Resources Department is located in San Diego.

3. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and Consenters to be subject to the illegal employment practices, wrongs and injuries complained of herein.

4. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees

of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

5. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

6. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

7. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

**JURISDICTION AND VENUE**

8. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. Section 1331, and Section 16(b) of the Fair Labor Standards Act (the "FLSA"). Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because Defendant's headquarters are located in this District, the employment records of

Plaintiff and Consenters are located in this District, and Defendant's Human Resources Department is located in this District.

## FLSA FACTUAL ALLEGATIONS

9. Plaintiff and Consenters were and are, pursuant to the terms and conditions of their employment with the Company and the FLSA, entitled to overtime pay at a rate of no less than one and one-half times their regular rate of pay for any work in excess of 40 hours in a workweek.

10. During the relevant time period, Plaintiffs and Consenters, during certain weeks, worked in excess of 40 hours per workweek (7-day work period). As such, Plaintiffs and Consenters were entitled to overtime pay, which the Company does not dispute. In particular, although Plaintiff and Consenters were entitled to timely payment of overtime pay, the Company willfully failed to pay Plaintiff and Consenters their full overtime pay. In particular, these regular rate requirements have been in place for years. Indeed, the FLSA provision regarding the regular rate was enacted in 1938 (29 U.S.C. § 207(e)). Given that the Company had knowledge of the above, but failed to rectify it, the Company has willfully failed and refused to pay overtime rightfully owed to Plaintiffs and Consenters.

11. Also, during the relevant time period, the Company failed to properly calculate the correct regular rate of pay for purposes of paying overtime. Specifically, the Company did not calculate and/or factor such non-discretionary bonuses into Plaintiff and Consenters' regular rate of pay for purposes of calculating overtime pay, including without limitation, bonuses referred to as the "Winner's Circle" bonus and, as such, owes Plaintiff and Consenters additional overtime pay.

12. The Company's failure to timely pay overtime to Plaintiff and Consenters violates the FLSA. As a proximate result of the Company's wrongful acts, Plaintiffs and Consenters have suffered damages, including without limitation, unpaid overtime and/or lost wages. Further, because the Company have willfully failed to pay this overtime, Plaintiff and Consenters are entitled to liquidated damages under the FLSA.

Further, Plaintiff and Consenters are also entitled to their attorneys' fees and costs pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

13. **Collective Action Definition.** Plaintiff brings this lawsuit as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. Section 216(b), on behalf of the following class:

   a) All persons who are or have been employed by the Company in the United States as non-exempt employees at any time from June 6, 2015, through the present, who received overtime pay and non-discretionary incentive pay, including without limitation, bonuses.

14. **Similarly Situated and Subject to Uniform Policy.** The claims alleged herein can be brought and maintained as an FLSA collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. Section 216(b), because Plaintiff's claims are similar to the collective action members. Plaintiff and the collective action members are similarly situated in that they were subjected to the Company's uniform, common practice, policy, and/or plan of failing to pay overtime worked at the correct, higher regular rate of pay by failing to include all non-discretionary remuneration into the regular rate of pay, resulting in Plaintiff and collective action members being unlawfully denied full overtime pay. Therefore, Plaintiff and collective action members are owed unpaid overtime arising from the Company's failure to properly calculate the regular rate of pay.

15. **No Disparate Factual and Employment Settings.** Here, there are no disparate factual and employment settings because all Plaintiff and collective action members were subjected to the same, identical payroll practice. Moreover, liability can be established by relying on documentary and electronic information and evidence, which will show the amounts of overtime worked and what the proper regular rate of pay should have been, but was not paid to Plaintiff and collective action members.

16. **No Defenses Available to Defendants.** Plaintiff is not aware of any defenses available to the Company – much less disparate defenses – which can defeat the alleged meritorious claims. As alleged herein, the Company has no justification for its failure and refusal to pay full overtime compensation to Plaintiffs and Consenters based on the correct, higher regular rate of pay.

17. **Fairness and Procedural Considerations.** A collective action is far superior to individual actions, given that Plaintiff is informed and believes and thereon alleges that there are approximately 1,500 collective action members. As such, fairness and procedural considerations weigh heavily in favor of a collective action.

18. **Adequacy of Representation.** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the collective action classes defined above. Plaintiff's attorneys are ready, willing and able to fully, adequately, and competently represent the collective action members and the named Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

19. **Notice to Collective Action Members.** The names and addresses of potential collective action members are available from the Company's payroll records. Notice should be provided to the potential collection action members via first class mail, email and postings in the facilities in which these members worked as soon as possible.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime (FLSA, 29 U.S.C. § 201, *et seq.*)**

**(Against the Company and Does 1-10 by Plaintiff and Consenters)**

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 of this Complaint as though fully set for herein.

21. At all relevant times, the Company was and is a private employer subject to the FLSA. 29 U.S.C. § 203(d).

6
PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR DAMAGES

22. The FLSA requires each covered employer, including the Company, to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for any work performed in excess of 40 hours in a workweek.

23. The FLSA also requires each covered employer, including the Company, to calculate and/or factor such non-discretionary pay, including without limitation, bonuses, into the regular rate of pay for purposes of calculating overtime pay.

24. Plaintiff and Consenters were classified as non-exempt employees and, therefore, were entitled to overtime pay for any work in excess of 40 hours in a workweek. As alleged above, Plaintiff and Consenters worked in excess of 40 hours in a workweek and, thus, should have received full overtime pay as to which they were entitled. Plaintiff and Consenters also earned non-discretionary incentive pay (including but not limited to bonuses, such as the "Winner's Circle" bonus). The Company, as a practice and policy, did not calculate and/or factor such non-discretionary pay into Plaintiff and Consenters' regular rate of pay for purposes of calculating revised and increased overtime pay and, as such, owes Plaintiff and Consenters additional overtime pay.

25. By failing to compensate Plaintiff and collective action members at a rate of not less than one and one-half times their regular rate of pay (which should have factored in all non-discretionary bonuses) for work performed in excess of 40 hours in a workweek, the Company violated, and continues to violate, the FLSA, 29 U.S.C. Section 201, *et seq.*, including without limitation, 29 U.S.C. Section 207(a)(1) and (e).

26. The foregoing conduct or omissions constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. Section 255(a), as the Company knowingly failed to pay the full overtime owed. As such, Plaintiff, on behalf of herself and all collective action members, seek liquidated damages, in addition to compensatory damages, interest, attorneys' fees, costs, and all such other legal and equitable relief as the Court deems just and proper, including injunctive relief enjoining the Company's continued violations of the FLSA. *See* 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### Failure to Timely Pay Overtime (FLSA, 78 C.F.R. § 778.106)

### (Against the Company and Does 1-10 by Plaintiff and Consenters)

27.     Plaintiff realleges and incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set for herein.

28.     At all relevant times, the Company was and is an employer subject to the FLSA.  29 U.S.C. § 203(d).

29.     The FLSA requires payment of overtime as soon as reasonably practicable. 29 C.F.R. § 778.106.  This has been interpreted as meaning the first payday after the amount "can practicably be determined." *O'Brien v. Town of Agawam*, 350 F.3d 279, 298 (1st Cir. 2003); *Herman v. Fabri-Ctrs. of Am., Inc.*, 308 F.3d 580, 590-91 (6th Cir. 2002) ("Courts have long interpreted the FLSA as requiring that those payments be timely made."; "the statute is violated even if the employer eventually pays the overtime amount that was due"; "[i]n fact, that requirement may not be waived, and 'even the workers' enthusiastic assent to deferred payment-a form of employer-held savings account-is ineffectual'") (emphasis added; citations omitted); *Howard v. City of Springfield*, 274 F.3d 1141, 1148-49 (7th Cir. 2001) (holding that state employer was liable for violating Section 778.106 by not timely paying overtime); *Gilmer v. Alameda-Contra Costa Transit Dist.*, 2011 WL 5242977, *13 (N.D. Cal. 2011) (reiterating that an employer's failure to timely pay overtime violates the FLSA, including Section 778.106).

30.     As alleged above, the Company failed to pay the full overtime owed to Plaintiff and collective action members.  Specifically, the amounts of overtime owed were already calculated by the Company, as will be shown and confirmed by the Company's own payroll records.  Nevertheless, the Company did not pay Plaintiff and collective action members all of their overtime worked in a timely fashion.  Such conduct violates the FLSA, as a matter of law.

31. The foregoing constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. Section 255(a), as the Company knowingly failed to pay full overtime compensation. As such, Plaintiff, on behalf of herself and all collective action members, seek liquidated damages, in addition to compensatory damages, interest, attorneys' fees, costs, and all such other legal and equitable relief as the Court deems just and proper, including injunctive relief enjoining Defendants' continued violations of the FLSA. *See* 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment on behalf of herself and all other Consenters similarly situated against Defendants, jointly and severally, as follows:

1. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. Section 216(b) to all similarly situated members of the collective class (or subclasses), apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual consent to sue forms pursuant to Section 216(b);

2. Designation of Plaintiff and her counsel as representatives for the collective action class;

3. Upon the First and Second Causes of Action, for damages, including without limitation, lost wages and unpaid overtime, liquidated damages, attorneys' fees, costs, and interest, as permitted by law, including without limitation, 29 U.S.C. Section 216(b);

4. Upon the First and Second Causes action, for all available equitable relief permitted under 29 U.S.C. Section 216(b), including without limitation, an injunction enjoining Defendants from continuing to violate the FLSA; and

5. For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

Respectfully submitted,

DATED: June 6, 2018

KESSELMAN BRANTLY STOCKINGER LLP
HYUN LEGAL, APC


By: */s/ Majed Dakak*
   Majed Dakak

Attorneys for PLAINTIFF and CONSENTERS

Email: *mdakak@kbslaw.com*

PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR DAMAGES