UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CUEVAS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>CONAM MANAGEMENT CORPORATION; and DOES 1 THROUGH 10,<br><br>Defendant. | Case No.: 18cv1189-GPC (LL)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER WITH MODIFICATIONS**<br><br>**[ECF No. 20]** |

On December 7, 2018, the parties filed a joint motion asking the Court to enter their stipulated Protective Order. ECF No. 20. In one of the provisions, the parties requested a an exception to the Civil Chambers Rules for the undersigned magistrate judge, to allow (1) additional time to file any motions related to discovery disputes and (2) to designate the date giving rise to a dispute concerning confidential designation as the date of receipt—as opposed to the date of service—of the document in question by the receiving Party. Id. at 2, 6-7. In support, the parties state that allowing the parties sixty days to file discovery disputes, as opposed to thirty days, would allow the parties to work out issues themselves and decrease the need to involve the Court. Id. at 2; see also Judge Lopez Civil Chambers
/ / /

Rules, Section V.C.[1] The Court denies the parties' request for a blanket exception to its chambers rules for the timely filing of discovery motions.[2] Accordingly, for good cause shown, the joint motion for entry of a Protective Order is **GRANTED** with the following modifications:

    1.    Paragraph 5(d) should read: "Consistent with Rule V(C) of the Chambers Rules, any motion related to discovery disputes must be filed no later than thirty (30) days after the date upon which the event giving rise to the dispute occurred. The date giving rise to a dispute concerning a confidential designation under this Protective Order shall be the date of service of the document in question."

    2.    Paragraph 7(b) should read: "In the event a party wishes to file a document or other materials designated as 'Confidential' with the court in the Litigation, that party shall file a motion seeking to file the document under seal. No document may be filed under seal (i.e., closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of

---

[1] The relevant rule states the following:
> **Discovery motions must be timely.** Any motion related to discovery disputes must be filed no later than thirty (30) days after the date upon which the event giving rise to the dispute occurred. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the date of service of the response, or the passage of a discovery due date without response or production, **not** the date on which counsel reach an impasse in meet and confer efforts.

Judge Lopez Civil Chambers Rules, Section V.C.

[2] It is unclear if the parties requested the additional time to apply only to discovery disputes challenging a confidentiality designation or to all discovery disputes. However, this does not affect the instant order because the Court is not inclined to allow a blanket exception to its chambers rules for either request.

2
(LL)

1 | California (hereinafter 'Manual'), Civil Local Rule 79.2, and Chambers Rules. The
2 | Manual can be found here:
3 | https://www.casd.uscourts.gov/CMECF/SitePages/PoliciesAndProcedures.aspx. In
4 | addition, in accordance with Judge Lopez's preferences, a party must file a 'public' version
5 | of any document that it seeks to file under seal. In the public version, the party may redact
6 | only that information that is deemed 'Confidential.' The party shall file the redacted
7 | document(s) simultaneously with a joint motion or ex parte application requesting that the
8 | confidential portions of the document(s) be filed under seal and setting forth good cause
9 | for the request."

**IT IS SO ORDERED**.

Dated: December 17, 2018

_____
Honorable Linda Lopez
United States Magistrate Judge

3
(LL)