UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CUEVAS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>CONAM MANAGEMENT CORPORATION; and DOES 1 THROUGH 10,<br><br>Defendant. | Case No.: 18cv1189-GPC (LL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>**[ECF No. 23]** |

Currently before the Court is Plaintiff's February 21, 2019 Motion for an Order Compelling Defendant to Provide Further Written Responses and Documents to Plaintiff's Discovery Requests [see ECF No. 23 ("MTC")], Defendant's February 28, 2019 opposition to the motion [see ECF No. 24 ("Oppo.")], and Plaintiff's March 7, 2019 reply [see ECF No. 25 ("Reply")]. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

## FACTUAL BACKGROUND

The instant proposed nationwide collective action brings claims for violation of the Fair Labor Standards Act ("FLSA") alleging that Defendant failed to: (1) pay overtime as required by 29 U.S.C. § 201, et seq.; and (2) timely pay overtime wages as required by

78 C.F.R. § 778.106. ECF No. 1. Specifically, Plaintiff brings the lawsuit as a collective action on behalf of the following class: "All persons who are or have been employed by the Company in the United States as non-exempt employees at any time from June 6, 2015, through the present, who received overtime pay and non-discretionary incentive pay, including without limitation, bonuses." Id. at ¶ 13(a). Plaintiff alleges that she was hired by Defendant, a property management and real estate investment company, on or about December 21, 2017 to work as a non-exempt leasing agent/professional at a residential property located in Reno, Nevada. Id. at ¶¶ 1, 2. Plaintiff alleges that she and all collective action members who opt-in to this lawsuit ("Consenters"), during certain weeks in the relevant time period, worked in excess of 40 hours per workweek. Id. at ¶ 10. Plaintiff states that they were entitled to overtime pay, which the Company does not dispute. Id. Plaintiff alleges that:

> [T]he Company failed to properly calculate the correct regular rate of pay for purposes of paying overtime. Specifically, the Company did not calculate and/or factor such non-discretionary bonuses into Plaintiff and Consenters' regular rate of pay for purposes of calculating overtime pay, including without limitation, bonuses referred to as the 'Winner's Circle' bonus and, as such, owes Plaintiff and Consenters additional overtime pay.

Id. at ¶ 11.

Plaintiff further alleges that "[t]he Company, as a practice and policy, did not calculate and/or factor such non-discretionary pay into Plaintiff and Consenters' regular rate of pay for purposes of calculating revised and increased overtime pay and, as such owes Plaintiff and Consenters additional overtime pay." Id. at ¶ 24.

## RELEVANT PROCEDURAL AND DISCOVERY BACKGROUND

In December 2018, Plaintiff served on Defendant various discovery requests including: (1) Plaintiff's First Set of Requests for Production of Documents ("RFPs"); (2) Plaintiff's Second Set of Requests for Production of Documents ("RFPs"); (3) Plaintiff's First Set of Requests for Admission ("RFAs"); (4) Plaintiff's First Set of Interrogatories ("Rogs."). ECF No. 23-2, Declaration of Majed Dakak (hereinafter "Dakak Declaration") at ¶¶ 2-5. Defendant served its responses on January 21, 2019. Id. at ¶¶ 6-9.

The parties have met and conferred regarding Defendant's responses, including via email correspondence, and the parties held a telephonic meet and confer on January 30, 2019. Id. at ¶ 11. Plaintiff's counsel states that "[t]o date, my office has not received any substantive responses to any of the discovery requests served in this action." Id. at ¶ 12.

On February 12, 2019, counsel for Plaintiff, Majed Dakak and Dennis Hyun, and counsel for Defendant, Adam KohSweeney, contacted the Court regarding a discovery dispute concerning Defendant's responses to written discovery. ECF No. 22. In response, the Court issued a briefing schedule. Id. The parties timely filed their pleadings in accordance with the schedule. See MTC, Oppo. and Reply.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

/ / /

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B).

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "Each matter must be separately stated." Fed. R. Civ. P. 36(a)(2). A responding party may object to a request if they state the ground for the objection. Fed. R. Civ. P. 36(a)(5). The requesting party may then seek a decision from the court determining the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). The court must order that an answer be served unless it finds an objection justified. Id.

## DISCUSSION

**A. Discovery Regarding Plaintiff Herself and the Winner's Circle Bonus Program For Which Plaintiff Was Eligible**

1. Parties' Positions

Plaintiff seeks to compel responses to two set of RFPs, one set of Interrogatories and one set of RFAs. MTC at 4-5. The discovery requests that seek information about Plaintiff and/or the bonus program for which she was eligible are as follows[1]:

---

[1] The relevant time period sought in these requests does not appear to be in dispute. See MTC and Oppo. Plaintiff defines the relevant time period as June 6, 2015 through the present for the Second Set of RFPs, the Interrogatories and the Requests for Admission. ECF Nos. 23-2 at 16, 23, 30. For Plaintiff's First Set

- RFP Nos. 2-4 seek documents provided by Defendant to Plaintiff, including her personnel files and wage statements and record of payments. ECF No. 23-2 at 9.

- RFP Nos. 11-12 seek documents identified in response to Plaintiff's Interrogatories and Requests for Admission. Id. at 18.

- Interrogatory Nos. 1-3 ask Defendant to identify all facts, documents and persons in support of its denials to Plaintiff's RFAs. Id. at 31.

- Interrogatory Nos. 4-6 seek information regarding the number of current and former employees that have participated in Defendant's Winner's Circle compensation program during the relevant time period. Id.

- Interrogatory Nos. 7-9 seek information regarding the amount of compensation Defendant's employees have received pursuant to Defendant's Winner's Circle compensation program. Id. at 31-32.

- RFA No. 1 asks Defendant to admit that Defendant's initial disclosures identified only two individuals with discoverable information. Id. at 23.

- RFA Nos. 2-4 ask Defendant to admit that it has a Winner's Circle compensation program that it uses to compute employee bonuses and overtime adjustments. Id. at 24.

- RFA Nos. 5-8 ask Defendant to confirm that it controls the timing of certain wage payments made in connection with Defendant's Winner's Circle compensation program. Id.

- RFA Nos. 12-15 ask Defendant to confirm details of the timing of certain wage payments in connection with the Winner's Circle Bonus compensation program. Id. at 25.

Plaintiff states that in response to these requests, Defendant asserts boilerplate objections on "improper grounds such as relevance, burden, and trade secrets (even though this Court entered a protective order)." MTC at 4. Plaintiff argues that "all of the discovery

---

of RFPs, Plaintiff alleges the relevant time period is from June 29, 2015 through the present. ECF No. 23-2 at 7.

is aimed at either (1) the claims in this case, or (2) whether the case may proceed as a collective action." Id. at 6. Plaintiff further argues that "the discovery requests seek information regarding Defendant's policy documents on its bonuses, the calculation of the regular rate and any overtime adjustments, and the timing of overtime adjustment payments." Id. Plaintiff requests that "Defendant should be ordered to supplement documents and information as to Plaintiff herself." Id. at 10. Plaintiff states that as of the date of her motion, "Defendant had produced Plaintiff's personnel file and wage statements, but had not served amended or substantive responses." Id.

Defendant contends that "Plaintiff's arguments are moot to the extent they seek information related to Plaintiff and/or the Winner's Circle Bonus Program for Defendant's Non-Exempt Employees" because "ConAm has already agreed to supplement its responses to those requests, and has indeed already begun producing responsive documents." Id. Specifically, Defendant states:

> On February 15, 2019, ConAm produced its first set of documents to Plaintiff. Generally speaking, this production consisted of Plaintiff's personnel file and pay stubs, as well as an employee handbook and documentation pertaining to the Winner's Circle bonus program generally.

KohSweeney Decl. at ¶ 4. Defendant further asserts that "[a]ccordingly, Plaintiff's arguments regarding these discovery requests are moot and the Court should not rule on the motion to the extent it seeks to compel further responses to discovery requests regarding Plaintiff and/or the Winner's Circle bonus." Oppo. at 6.

Plaintiff replies that notwithstanding Defendant's representations to produce discovery on these requests, "Defendant has done nothing more than produce a small number of documents, about 220 pages." Reply at 4 (citing Supp. Decl. of Dakak at ¶ 2). Plaintiff further replies that "Defendant has furnished no substantive written responses, nor promised any date by which responses will be furnished or its production will be complete. Reply at 4 (citing Supp. Decl. of Dakak at ¶ 3). Plaintiff requests that the Court "order Defendant to respond to and provide all discovery on this subject matter within 30 days and without objection." Reply at 4.

2. Analysis

Here, Defendant does not dispute whether Plaintiff is entitled to discovery related to Plaintiff and the Winner's Circle Bonus Program for which she was eligible. Oppo. at 5. Defendant states in the Opposition that "ConAm has already agreed to supplement its responses to [Requests for Production of Documents Nos. 2, 3, 4, 11, & 12; Interrogatories Nos. 1-9; and Requests for Admission Nos. 1-8 & 12-15]." Id. However, it is clear to the Court from the briefing that Defendant has not yet produced all responsive documents and information to these requests. For example, Plaintiff states in her Motion to Compel that "Defendant had produced Plaintiff's personnel file and wage statements, but had not served amended or substantive responses" to these requests. MTC at 10; see also Reply at 4. Even Defendant concedes that it has merely "begun" producing documents, but not has yet completed its production of documents and responsive information to Plaintiff's RFPs, Interrogatories and RFAs. Accordingly, the Court **GRANTS** Plaintiff's motion to compel documents and substantive responses to RFP Nos. 2-4, 11-12, Interrogatories 1-9, and RFAs 1-8 and RFAs 12-15 to the extent they relate to Plaintiff and the Winner's Circle Bonus Program for which she was eligible. Defendant is **ORDERED** to complete its production of documents and provide the substantive responses to these requests on or before **April 5, 2019.**

**B. Discovery That Goes Beyond Defendant's Winner's Circle Bonus Program for Bonus Programs for Which Plaintiff Was Never Eligible**

1. Parties' Positions

In addition to the discovery requests that seek information about Plaintiff and/or the bonus program for which she was eligible, Plaintiff also seeks to compel additional responses to discovery that seek information about "the potential for a collective action

///
///
///
///

7

under the FLSA." MTC at 3. The discovery requests that seek documents and information about bonus programs for which Plaintiff was never eligible are as follows[2]:

- RFP No. 1 seeks handbooks and manuals applicable to non-exempt United States employees. ECF No. 23-2 at 10.

- RFP No. 5 seeks policy documents relating to "the calculation of regular rate pay for purposes of paying overtime wages to your non-exempt United States employees. . . including without limitation, calculations taking into account any and all bonuses, including the 'Winner's Circle' bonus and any other additional non-discretionary renumeration." Id.

- RFP No. 6 seeks policy documents relating to "the timing of payment of any bonus adjustments to your non-exempt United States employees." Id.

- RFP No. 7 seeks policy documents relating to "any and all bonuses applicable to your non-exempt United States employees." Id.

- RFP No. 8 seeks policy documents relating to "any and all additional non-discretionary incentive pay applicable to your non-exempt United States employees." Id.

- RFP No. 9 seeks any policy documents relating to "when you calculate the bonus adjustments to your non-exempt United States employees." Id.

- RFP No. 10 seeks policy documents relating to "when you pay the bonus adjustments to your non-exempt United States employees." Id.

- RFA No. 9 asks Defendant to admit that Defendant "does not use the U.S. Department of Labor's formula for calculating overtime adjustments when taking into account all additional non-discretionary incentive pay, including without limitation, the Winner's Circle compensation." ECF No. 23-2 at 24.

---

[2] The relevant time period sought in these requests does not appear to be in dispute. See MTC and Oppo. Plaintiff defines the relevant time period is June 6, 2015 through the present for the Second Set of RFPs, the Interrogatories and the Requests for Admission. ECF Nos. 23-2 at 16, 23, 30. For Plaintiff's First Set of RFPs, Plaintiff alleges the relevant time period is from June 29, 2015 through the present. ECF No. 23-2 at 7.

- RFA No. 10 asks Defendant to admit that it does not pay its employees their overtime adjustment timely. Id.

- RFA No. 11 asks Defendant to admit that it does not pay its "employees their overtime true-ups, also referred to as 'Bonus ADJs,' within the same pay period" of when its employees receive their Winner's Circle compensation bonus. that it has a Winner's Circle compensation program that it uses to compute employee bonuses and overtime adjustments. Id.

Plaintiff argues that the "named plaintiff is entitled to discovery, including with respect to whether a case is suited for collective (or class) treatment." MTC at 6. Plaintiff states that she "has the burden in moving for conditional certification under the FLSA that other employees are 'similarly situated' through 'declarations or discovery.'" Id. at 7 (citing Saleh v. Valbin Corp., 297 F. Supp.3d 1025, 1029-30 (N.D. Cal. 2017); Hill v. R+L Carriers, Inc., 690 F. Supp. 1001, 1009 (N.D. Cal. 2010)). Plaintiff further argues that "Plaintiff need not show that she and other collective action members received identical bonuses, or worked in identical positions." MTC at 8. Plaintiff contends that "Plaintiff should be allowed to obtain the policy documents and information as to all bonuses, as the actual central issue is whether the overtime rate was calculated correctly and the timing of the overtime adjustment payments, as opposed to Defendant's groundless argument that all collective action members have been paid the exact same bonus, or worked in the exact same job title." Id. Finally, Plaintiff argues that Defendant should produce the requested discovery and "even if the class is conditionally certified, Defendant can later move at the close of discovery to decertify the class." Id. at 7 (citing Kress v. PricewaterhouseCoopers, LLP, 263 F.R.D. 623, 628 (E.D. Cal. 2009).

Defendant argues generally that "Plaintiff is not entitled to documents that go beyond Defendant's Winner's Circle Bonus Program." Oppo. at 6. First, Defendant argues that "Plaintiff is not entitled to discovery regarding ConAm employees who held different job titles from her and received bonus payments different from that for which she was eligible" noting that "court have wide discretion to limit or prohibit discovery if it is apparent that the requests at issue will not advance class certification." Id. at 6-7. Second,

Defendant argues that "even if Plaintiff were entitled to the broad discovery she seeks, she is not entitled to it at this stage of the litigation, before a motion for conditional certification has even been filed." Id. at 7 (citing Campbell v. City of Los Angeles, 903 F.3d 1090, 1109 (9th Cir. Sept. 13, 2018)).

Plaintiff replies that she is "entitled to discovery related to all of defendant's bonus programs for non-exempt employees" because she "needs such information to ascertain the boundaries and members of a potential collective." Reply at 5. Plaintiff further replies that "the discovery Plaintiff seeks is clearly related, and indeed necessary, to resolving a central issue in the case: the extent to which a single decision, policy, or plan governs the way Defendant calculates overtime pay for non-exempt employees and the timing of overtime payments." Id. at 6. Finally, Plaintiff replies that notwithstanding Defendant's argument to the contrary, the requested discovery is not premature. Reply at 6. Specifically, Plaintiff argues that "[n]othing bars Plaintiff from relying on discovery material in seeking conditional certification – and at any rate she will certainly need the discovery at a later phase of the case." Id.

2. Analysis

While discovery may not always be limited to the issues raised by the pleadings, Fed. R. Civ. P. 26(b)(1) demands that discovery be relevant to a party's claim or defense. The Court does not find that to be the case here, at this procedural posture, with respect to the discovery that goes beyond bonus programs for which Plaintiff was never eligible. Plaintiff's reason for seeking the discovery for all of defendant's programs for non-exempt employees, including programs for which Plaintiff was not eligible, is to be "afforded the opportunity to obtain discovery relevant to whether [the other] employees are similarly situated." MTC at 7.

The scope of pre-certification discovery lies within the sound discretion of the trial court. Coleman v. Jenny Craig, Inc., 2013 WL 2896884, at *4 (S.D. Cal. June 12, 2013) (citing Kamm v. Cal. City Dev. Co., 509 F.2d 205 (9th Cir. 1975)). Here, the Court finds that Plaintiff has not set forth any facts or evidence of a company-wide policy of violations

for ConAm employees who held different job titles from Plaintiff and were eligible for different bonus programs than she was. See ECF No. 1 (Complaint); see also Dakak Declaration. At most, Plaintiff relies on the collective action definition as set forth in the Complaint, noting that "Plaintiff's collective action definition is not limited to only those who worked in the same department as Plaintiff." MTC at 8; see also ECF No. 1 at ¶ 13. Plaintiff's reliance on the collective action definition is not enough to compel the disputed discovery. Notably, this case is in the pre-certification stage of discovery, and the Court finds that Plaintiff has not met her burden. See, e.g., Campbell, 903 F.3d at 1109 ("[a]t this early stage of the litigation, the district court's analysis is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or other limited evidence."). Accordingly, Plaintiff's motion to compel discovery about bonus programs for which Plaintiff was never eligible (including RFP Nos. 1, 5, 6, 7, 8, 9, 10 and RFA Nos. 9, 10, 11) is **DENIED without prejudice**.

**IT IS SO ORDERED**.

Dated: March 14, 2019

Honorable Linda Lopez
United States Magistrate Judge

11
18cv1189-GPC (LL)