UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CUEVAS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONAM MANAGEMENT CORPORATION, a California corporation; and does 1 through10, inclusive,<br><br>Defendants. | Case No.: 18cv1189-GPC(LL)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER**<br><br>**[Dkt. No. 27.]** |

Before the Court is Plaintiff's Objections to the Magistrate Judge's discovery order filed on March 14, 2019, (Dkt. No. 26). (Dkt. No. 27.) An opposition was filed by Defendant on April 18, 2019. (Dkt. No. 31.) A reply was filed by Plaintiff on April 26, 2019. (Dkt. No. 32.) Based on the reasoning below, the Court OVERRULES Plaintiff's objections and DENIES her motion to modify or set aside the discovery order.

## Background

On June 6, 2018, Plaintiff Elizabeth Cuevas ("Plaintiff") filed a Complaint on behalf of herself and other similarly situated employees of Defendant ConAm

Management Corporation ("Defendant") for its failure to pay overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and failure to timely pay overtime wages as required by 29 C.F.R. § 778.106. (Dkt. No. 1, Compl.) Plaintiff filed the case as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class:

> All persons who are or have been employed by the Company in the United States as non-exempt employees at any time from June 6, 2015, through the present, who received overtime pay and nondiscretionary incentive pay, including without limitation, bonuses.

(Id. ¶ 13.)

On December 21, 2017, Plaintiff was hired by Defendant to work as a non-exempt leasing agent/professional at a residential property located in Reno, Nevada. (Id. ¶ 1.) Defendant is a property management and real estate investment company with locations throughout the United States. (Id. ¶ 2.)

Plaintiff claims that she and the collective action members who opt-in to the lawsuit worked in excess of 40 hours per work week and were entitled to overtime pay which Defendant does not dispute. (Id. ¶ 10.) Plaintiff claims that Defendant willfully failed to pay Plaintiff and collective action members their full overtime pay. (Id.) In addition, the Complaint asserts that Defendant failed to properly calculate the correct regular rate of pay for purposes of paying overtime. (Id. ¶ 11.) Specifically, Defendant did not calculate and/or factor non-discretionary bonuses into Plaintiff and collective action members' regular rate of pay for purposes of calculating overtime pay. (Id.) The non-discretionary bonuses include, but are not limited to, the "Winner's Circle" bonus. (Id.) According to the Complaint, Plaintiff and collective action members are due additional overtime pay. (Id. ¶ 12.)

On February 21, 2019, Plaintiff filed a motion to compel seeking further written responses and documents to her discovery requests. (Dkt. No. 23.) Defendant filed a response on February 28, 2019. (Dkt. No. 24.) A reply was filed by Plaintiff on March

7, 2019. (Dkt. No. 25.) On March 14, 2019, the Magistrate Judge granted in part and denied in part Plaintiff's motion to compel discovery responses. (Dkt. No. 26.) On March 28, 2019, Plaintiff filed a motion to set aside the Magistrate Judge's ruling denying her discovery requests as they relate to Plaintiffs' First Set of Requests for Production of Documents ("RPD") Nos. 1, 5-10, (Dkt. No. 23-2, Dakak Decl., Ex. 1 at 9-10[1]), and Plaintiff's First Set of Requests for Admissions ("RFA") Nos. 9-11, (id., Ex. 3 at 24-25). Defendant filed an opposition on April 18, 2019. (Dkt. No. 31.) A reply was filed by Plaintiff on April 26, 2019. (Dkt. No. 32.)

## Discussion

### A. Standard of Review of Magistrate Judge's Discovery Order

Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters within fourteen days. In reviewing a magistrate judge's order, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002). Consequently, discretionary orders, such as those denying discovery, "will be overturned only if the district court is left with the definite and firm conviction that a mistake has been made." Ctr. for Biological Diversity v. Fed. Highway Admin., 290 F. Supp. 2d 1175, 1199-1200 (S.D. Cal. 2003) (quoting Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997)).

### B. Plaintiff's Objections

A party may

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

---

[1] Page numbers are based on the CM/ECF pagination.

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). District courts have broad discretion to manage discovery. Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). This discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. See Crawford–El v. Britton, 523 U.S. 574, 598 (1998) (trial court has "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"); UMG Recordings, Inc. v. Doe, No. C 08-1038 SBA, 2008 WL 2949427, at *3 (N.D. Cal. Jul. 30, 2008) ("[T]he district courts wield broad discretion" "in fashioning discovery orders[.]")

Plaintiff objects to the Magistrate Judge's order denying her discovery seeking documents and responses concerning Defendant's other bonus programs to which Plaintiff was not entitled to but to which the putative collective active members were entitled to. Defendant argues that the Magistrate Judge properly denied discovery because the other bonus programs are not relevant in determining whether Defendant had a single decision, policy or plan. The discovery requests denied by the Magistrate Judge are the following:

> RFP No. 1 seeks handbooks and manuals applicable to non-exempt United States employees.
>
> RFP No. 5 seeks policy documents relating to "the calculation of regular rate pay for purposes of paying overtime wages to your non-exempt United States employees. . . including without limitation, calculations taking into account any and all bonuses, including the 'Winner's Circle' bonus and any other additional non-discretionary renumeration."
>
> RFP No. 6 seeks policy documents relating to "the timing of payment of any bonus adjustments to your non-exempt United States employees."

> RFP No. 7 seeks policy documents relating to "any and all bonuses applicable to your non-exempt United States employees."
>
> RFP No. 8 seeks policy documents relating to "any and all additional non-discretionary incentive pay applicable to your non-exempt United States employees."
>
> RFP No. 9 seeks any policy documents relating to "when you calculate the bonus adjustments to your non-exempt United States employees."
>
> RFP No. 10 seeks policy documents relating to "when you pay the bonus adjustments to your non-exempt United States employees."
>
> RFA No. 9 asks Defendant to admit that Defendant "does not use the U.S. Department of Labor's formula for calculating overtime adjustments when taking into account all additional non-discretionary incentive pay, including without limitation, the Winner's Circle compensation."
>
> RFA No. 10 asks Defendant to admit that it does not pay its employees their overtime adjustment timely.
>
> RFA No. 11 asks Defendant to admit that it does not pay its "employees their overtime true-ups, also referred to as 'Bonus ADJs,' within the same pay period" of when its employees receive their Winner's Circle compensation bonus. that it has a Winner's Circle compensation program that it uses to compute employee bonuses and overtime adjustments.

(ECF No. 23-2 at 10-11.)

The FLSA of 1938 was enacted for the purpose of protecting all covered workers from "substandard wages and oppressive working hours." <u>Barrentine v. Arkansas-Best Freight Sys., Inc.</u>, 450 U.S. 728, 739 (1981). The FLSA provides a right of action to an employee against an employer when the employer fails to pay overtime wages. 29 U.S.C. § 207. Section 16(b) allows an employee to bring an action on behalf of herself and other employees "similarly situated" but requires that each employee "opt-in" by

filing a consent to sue with the court. 29 U.S.C. § 216(b); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1064 (9th Cir. 2000). These collective actions allow aggrieved employees "the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989).[2]

The district court has discretion in determining whether a collective action is appropriate. Adams v. Inter-Con Sec. Sys., 242 F.R.D. 530, 535 (N.D. Cal. 2007) (citing Leuthold v. Destination America, Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004)). The plaintiff bears the burden of showing that the putative collective action members are "similarly situated." Id. at 535-36; see Harris v. Vector Mktg., Corp., 716 F. Supp. 2d 835, 837 (N.D. Cal. 2010) (quoting Murillo v. Pac. Gas & Elec. Co., 266 F.R.D. 468, 470 (E.D. Cal. 2010)).

Recently, the Ninth Circuit in Campbell v. City of Los Angeles, 903 F.3d 1090, 1100, 1109 (9th Cir. 2018), adopted the two-tiered certification process, which developed as "a product of interstitial judicial lawmaking or ad hoc district court discretion"[3], under the FLSA.[4] First, at the pleading stage, plaintiffs will file a motion for preliminary certification and demonstrate the "similarly situated" requirement of § 216(b) for purposes of providing notice to putative collective members. Id. at 1109. The notice advises the members that they must affirmatively opt-in to the litigation. Id. At this early

---

[2] Although Hoffman-La Roche involved a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*., the ADEA incorporates the enforcement provisions of the FLSA including the "opt-in" provisions of 29 U.S.C. § 216(b).

[3] The Ninth Circuit noted that 29 U.S.C. § 216(b) provides no guidance on how collective litigation should proceed. The statute only requires that a collective action may proceed if the workers are "similarly situated" and affirmatively opt in to the litigation in writing. Campbell, 903 F.3d at 1100.

[4] Prior to Campbell, district courts had taken three different approaches under § 216(b). Adams, 242 F.R.D. at 536 (three different approaches include: "(1) a two-tiered case-by-case approach, (2) the incorporation of the requirements of Rule 23 of the current Federal Rules of Civil Procedure, or (3) the incorporation of the requirements of the pre-1966 version of Rule 23 for 'spurious' class actions.").

stage, the district court's review is limited to the pleadings and may be "supplemented by declarations or other limited evidence", and the standard is "lenient." Id.; Lewis v. Wells Fargo & Co., 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009) ("the standard for certification at this stage is a lenient one that typically results in certification."); Leuthold v. Destination America, Inc., 224 F.R.D. 462, 467 (N.D. Cal. 2004) (citations omitted) ("Because the court generally has a limited amount of evidence before it, the initial determination is usually made under a fairly lenient standard and typically results in conditional class certification.").

If preliminary certification is granted and once discovery has been completed or near completion, the defendant may move for decertification on Plaintiff's failure to satisfy the "similarly situated" requirement in light of the evidence produced in discovery and the court takes a "more exacting look at the plaintiffs' allegations and the record." Campbell, 903 F.3d at 1109.

The court in Campbell also defined the meaning of "similarly situated" under the FLSA. Relying on the FLSA's remedial purpose, the Ninth Circuit held that to be "similarly situated", "plaintiffs must be alike with regard to some *material* aspect of their litigation." Id. at 1114 (emphasis in original). "[I]f the party plaintiffs' factual or legal similarities are material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment." Id. "[W]hat matters is not just any similarity between party plaintiffs, but a legal or factual similarity material to the resolution of the party plaintiffs' claims, in the sense of having the potential to advance these claims, collectively, to some resolution." Id. at 1115. In other words, "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." Id. at 1117.

Here, the parties are in the early pleading and discovery stage and a motion for conditional certification has not yet been filed. The deadline for Plaintiff to file her motion for conditional certification is May 16, 2019. (Dkt. No. 30.) The parties dispute the scope of discovery Plaintiff should be entitled to during the pre-certification stage.

Based on the recent Campbell case, Plaintiff would need to demonstrate that she and the putative class collective plaintiffs "share a similar issue of law or fact material to the disposition of their FLSA claim." Campbell, 903 F.3d at 1117. At the first step, Plaintiff need only make a plausible showing that such a similarity exists. Id. at 1109. Because of the limited amount of evidence available at this stage of the proceedings, "in making a determination in whether to conditionally certify a proposed class for notification purposes only, courts do not review the underlying merits of the action." Colson v. Avnet, Inc., 687 F. Supp. 2d 914, 926 (D. Az. 2010) (citing Williams v. Trendwest Resorts, Inc., No. CVS05-0605-RCJ-LRL, 2006 WL 3690686, at *3-4 (D. Nev. Dec. 7, 2006)).

Without legal authority, Plaintiff argues that she is entitled to full discovery on whether the opt-in plaintiffs are "similarly situated" in order to prosecute her claims and to ultimately succeed on her collective actions allegations. While acknowledging that conditional certification may be determined by a review of the pleadings, she claims that the Magistrate Judge's ruling prevents her from obtaining the discovery that she will need to prosecute her claims effectively. Defendant responds that Plaintiff is not entitled to documents that go beyond Defendant's Winner's Circle bonus program. Relying on Rule 23 class certification cases, it argues that requests aimed at employees who worked in positions other than the named plaintiff cannot satisfy the requirements conditional certification. Both positions are not tenable.

Defendant's reliance on cases discussing Rule 23 certification is not persuasive. District courts have noted that "[d]iscovery in a FLSA claim is not the same as discovery in a Fed. R. Civ. P. 23 class action." Cedano v. Thrifty Payless, Inc., No. CV 10-237-HZ, 2011 WL 8609402, at *10 (D. Or. May 9, 2011) (citing Oropeza v. Appleillinois, LLC, No. 06 C 7097, 2010 WL 3034247, at *4 (N.D. Ill. 2010) (stating that the "'representative' discovery in a FLSA claim is not the same as 'representative' discovery in a Rule 23 class action where discovery may be limited to the named plaintiffs whom the court has already decided are representative.")). The FLSA allows plaintiffs to

proceed collectively "based on a lesser showing than that required by [Fed. R. Civ. P. 23]." Id.

Moreover, Plaintiff's argument seeking broad or full discovery in order to prosecute her claims during the pre-certification stage is contrary to caselaw. Plaintiff has not moved for conditional certification; therefore, the Court need not analyze whether Plaintiff is similarly situated to the putative collective class members. The Court only considers what discovery is relevant during pre-certification of a collective action which neither party has specifically addressed.

District courts are split on whether pre-certification discovery is permissible. Courts have either precluded discovery until conditional certification is granted or allowed discovery limited to what a plaintiff must demonstrate at the first stage, that is, information limited to defining the class and identifying similarly situated employees. See Mitchell v. Acosta Sales, LLC, Case No. CV 11-1796-GAF(OPx), 2011 WL 13309060, at *4-5 (C.D. Cal. Aug. 29, 2011) (noting that district courts in the Ninth Circuit typically deny the pre-certification of contact information as premature but other district courts allow pre-certification discovery of employees' contact information); compare Allen v. Mill-Tel., Inc., 283 F.R.D. 631, 634 (D. Kan. 2012) ("Generally, pre-certification discovery should pertain to the requirements of . . . what is required for to conditionally certify an FLSA collective action."); Boice v. M+W U.S., Inc., 130 F. Supp. 3d 677, 699 (N.D.N.Y. 2015) (partially granting motion to compel pre-certification discovery and ordering defendants to provide to plaintiff a list of the names and last known addresses of all structural, mechanical, architectural, and process designers employed by defendants at any of its locations during a certain three year period); Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09 cv1148(LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) (allowing pre-certification discovery of employee contact information); Acevedo v. Ace Coffee Bar, Inc., 248 F.R.D. 550, 555 (N.D. Ill. 2008) ("The utility of allowing Plaintiffs limited discovery pre-certification is to determine which employees are in fact similarly situated so they may satisfy the evidentiary

requirement at the first step."); Morden v. T-Mobile USA, Inc., No. C05-2112 RSM, 2006 WL 1727987, at *2-3 (W.D. Wash. June 22, 2006) (granting motion to compel names of all current and former employees of defendant even though they are not parties to the litigation); with Prentice v. Fund for Pub. Interest Research, Inc., No. C-06-7776 SC, 2007 WL 2729187, at *3 (N.D. Cal., Sept. 18, 2007) (holding that "the FLSA, however, does not require Defendants to provide contact information for potential plaintiffs until after the court certifies the collective action"); Crawford v. Dothan City Bd. of Educ., 214 F.R.D. 694, 695 (M.D. Ala. 2003) (because no collective action had been conditionally certified, discovery before step one of the two-step process was premature).

Here, the Court need not make a determination on which pre-certification discovery rule to apply because Plaintiff does not seek the identity of putative members but instead primarily seeks policy documents related to Defendant's other bonus programs. (See Dkt. No. 23-2 at 10-11.) The First Set of RPD seeks policy documents applicable to non-exempt employees relating to the calculation of any and all bonuses or any other non-discretionary incentive pay, the timing of payment of the bonuses and when they are calculated. The RFA's seek an admission that Defendant does not use the U.S. Department of Labor's formula for calculating overtime, that it does not pay its employees either overtime adjustment timely and does not pay its employees their overtime true-ups. These discovery requests concern the merits of Plaintiff's claims which courts have held are not relevant during pre-certification discovery. Her requests are not relevant to limited pre-certification discovery seeking to identify similarly situated employees or to define the class. See Boice, 130 F. Supp. 3d at 697-98 (granting limited pre-certification discovery as to the identity of potential collective class members but denying the remaining broad discovery requests concerning the "method and rate of compensation of all designers employed by defendants . . . detailed information regarding the method used by defendants to pay overtime to plaintiff and potential class . . . all offers of employment letters, job descriptions, employee manuals, [defendant's] policies

10

18cv1189-GPC(LL)

mailed to designers . . . all documents relating to the 'status classification' of all designers 'as exempt employees.'"); see also Dudley v. TrueCoverage LLC, Case No. CV 18-3760 PA(AGRx), 2018 WL 6431869, at *4 (C.D. Cal. Sept. 28, 2018 ("it is not appropriate to weigh the evidence at the first stage of collective action certification."). Therefore, the Court concludes that the discovery Plaintiff now seeks is premature and DENIES without prejudice her motion to compel discovery responses to Plaintiff's First Set of RFP Nos. 1, 5-10 and First Set of RFA Nos. 9-11 which may later be sought if the class is conditionally certified.

## Conclusion

The Court OVERRULES Plaintiff's Objections to the Magistrate Judge's Order filed on March 14, 2019 and DENIES Plaintiff's motion to modify or set aside the discovery order. If Plaintiff seeks additional time for merits discovery once the class is conditionally certified, she may file a request with the Magistrate Judge. The hearing set for May 10, 2019 shall be **vacated**.

IT IS SO ORDERED.

Dated: May 7, 2019

Hon. Gonzalo P. Curiel
United States District Judge